# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 6070 | **DATE** | 8/15/2000 |
| **CASE TITLE** | Lekkas, et al. vs. Mitsubishi, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing held and continued to 9/6/2000 at 10:00 A.M.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10)■ [Other docket entry] Enter Memorandum Opinion and Order: Plaintiffs' Motion Pursuant to Rule 56(f) to Compel Discovery Prior to Responding to Defendants' Motion for Summary Judgment [54-1] is granted. Plaintiffs' Motion to Overrule Objections [24-1] and Compel Answers of Defendants to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents and Tangible Items [24-2] is denied as moot. Parties are directed to bring a joint proposed discovery schedule for 56(f) discovery to the 9/6/00 status hearing.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 411 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials KMc | 00 AUG 16 PM 3:06 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ANGELA LEKKAS, Special Administrator of the Estate of ANTONIOS LEKKAS; ANGELA LEKKAS, Individually; and ANGELA LEKKAS, as Mother and Next Friend of AMANDA LEKKAS, a Minor,

Plaintiffs,

v.

MITSUBISHI MOTORS CORPORATION, a Japanese corporation; and MITSUBISHI MOTOR SALES OF AMERICA, a California corporation,

Defendants.

No. 97 C 6070

Magistrate Judge
Nan R. Nolan

DOCKETED
AUG 17 2000

## MEMORANDUM OPINION AND ORDER

Plaintiffs sue defendants for the allegedly defective design of the 1994 Mitsubishi Montero sport utility vehicle. Antonios Lekkas, the husband and father of plaintiffs, was killed in a rollover accident in the family's 1994 Montero. Plaintiffs Angela and Amanda Lekkas were passengers in the vehicle and received non-fatal injuries in the accident.

Presently before the court are defendants' motion for summary judgment and plaintiffs' motion pursuant to Rule 56(f) to compel discovery prior to responding to defendants' motion for summary judgment. Discovery in this matter has not yet closed, but defendants apparently feel that their case for summary judgment is so strong that further discovery is unnecessary. This is because defendants blame plaintiffs for spoliating evidence crucial to their defense: the actual Montero driven by Mr. Lekkas in the accident. However, plaintiffs believe that the particular vehicle is not critical

to this case because the issues relate to the design of *every* Montero, and plaintiffs seek further discovery (previously objected to by defendants) to show that the spoliation did not substantively affect the defense. The court addresses the parties' motions under the following legal guidelines.

**Summary Judgment and Federal Rule of Civil Procedure 56(f)**

Federal Rule of Civil Procedure 56 mandates the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-moving party, a reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. at 256.

Summary judgment is proper only "after adequate time for discovery." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment "may be inappropriate where the party opposing it shows . . . that he cannot at the present time present facts essential to justify his opposition," Fed. R. Civ. P. 56(e) advisory committee's note (1963). The nonmoving party must have "had the opportunity to discover information that is essential to his opposition." Liberty Lobby, 477 U.S. at 250 n.5. Conversely, the party seeking summary judgment must have met all of his relevant discovery obligations prior to requesting the ruling in his favor. Carmona v. Toledo, 215 F.3d 124, 132-33 (1st Cir. 2000); Resolution Trust Corp. v. North Bridge Assocs., 22 F.3d 1198, 1208 (1st Cir. 1994) (cited with approval in Farmer v. Brennan, 81 F.3d 1444, 1450 (7th Cir. 1996)).

Under Rule 56(f),[1] a party can successfully defeat or delay ruling on a motion for summary judgment by "affirmatively demonstrating why he cannot respond to a movant's affidavits . . . and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." Korf v. Ball State Univ., 726 F.2d 1222, 1230 (7th Cir. 1984) (quoting Willmar Poultry Co. v. Morton Norwich Prods., Inc., 520 F.2d 289, 297 (8th Cir. 1975)); see also DF Activities Corp. v. Brown, 851 F.2d 920, 922 (7th Cir. 1988) ("[R]emote possibilities do not warrant subjecting the parties and the judiciary to proceedings almost certain to be futile."). A continuance under Rule 56(f) is not available to a party who previously has been dilatory in pursuing discovery or who makes only vague assertions that further discovery will reveal issues of fact. Colby v. J.C. Penney Co, Inc., 926 F.2d 645, 648 (7th Cir. 1991); United States v. Bob Stofer Oldsmobile-Cadillac, Inc., 766 F.2d 1147, 1152-53 (7th Cir. 1985). However, further discovery is often warranted where the plaintiff diligently sought the information; where the information is in the hands of the defendant who refuses to supply it to the plaintiff or where a discovery order prematurely prevented the plaintiff from obtaining the information; and where the information is relevant to an important issue in the case. See, e.g., Reid v. New Hampshire, 56 F.3d 332, 342 (1st Cir. 1995) ("When a party who opposes a Rule 56(f) motion has control of the requested information, this factor "weighs heavily in favor of relief under Rule 56(f)."); Resolution Trust Corp., 22 F.3d at 1206 (party seeking discovery under Rule 56(f) was not obligated to "take

---

[1] Federal Rule of Civil Procedure 56(f) states, in pertinent part,

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.

heroic measures to enforce his rights against a recalcitrant opponent;" records of prior claims against police officers were important to issue of supervisory liability); VISA Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475-76 (9th Cir. 1986) ("Summary judgment is especially inappropriate where the material sought is also the subject of outstanding discovery requests."); Cedillo v. International Ass'n of Bridge & Structural Iron Workers, Local Union No. 1, 603 F.2d 7, 12 (7th Cir. 1979) ("[W]here the need for discovery in order to obtain the requisite statistical data to substantiate the claims asserted is clear, and where plaintiff was effectively denied the opportunity to engage in that discovery, we hold that entry of summary judgment is inappropriate."). The Fifth Circuit Court of Appeals believes that motions for further discovery under Rule 56(f) "should be granted almost as a matter of course" unless the party seeking further discovery "has not diligently pursued discovery of the evidence." Wichita Falls Office Assocs. V. Banc One Corp., 978 F.2d 915, 919 n.4 (5th Cir. 1992) (quoting International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1267 (5th Cir. 1991)).

**Motion to Compel**

Document requests under Rule 34 of the Federal Rules of Civil Procedure are governed by Rule 26(b)(1), which allows discovery of "any matter not privileged, which is relevant to the subject matter involved in the pending action." Fed. R. Civ. P. 26(b)(1). Relevance is a common-sense based determination by the court. 8 Charles Alan Wright & Richard L. Marcus, Federal Practices and Procedure: Civil 2d, § 2008; In re: Aircrash near Roselawn, Indiana on October 31, 1994, 172 F.R.D. 295, 303 (N.D. Ill. 1997). The court should find requested information relevant so long as it bears on, or could lead to other information that could bear on, any issue that is or that may be pertinent to the case, without limitation to the issues raised by the pleadings. Roselawn, 172 F.R.D.

at 303. At the discovery stage of the case, information sought need not be admissible and may be sought to help define or clarify the issues. DePaepe v. GMC, 141 F.3d 715, 719 (7th Cir. 1998) (in defective design case stemming from automobile accident, "the use of discovery to winnow or refine [plaintiff's] theories of liability should not be discouraged"); Roselawn, 172 F.R.D. at 303.

There are two reasons why discovery should proceed in this case. First, when a design defect is at issue in a case, the plaintiff is entitled to an even broader scope of "relevant" information during discovery, including defendant's documentation of competing and prior designs, because the plaintiff has the burden of showing that safer alternatives to the allegedly defective design were known by and available to the defendant. Roselawn, 172 F.R.D. at 304-06 (documents pertaining to the design and air-worthiness of a smaller, prior model of the aircraft at question were relevant); Fine v. Facet Aero. Prods. Co., 133 F.R.D. 439, 442 (S.D.N.Y. 1990). Likewise, prior accidents involving different but similar products are relevant in products liability litigation to show notice to the defendant "of the danger and cause of the accident." Roselawn, 172 F.R.D. at 306; see also Nachtshein v. Beech Aircraft Corp., 847 F.2d 1261, 1268 (7th Cir. 1988). In the face of these liberal discovery allowances, objections that are "pat, generic, non-specific [repetitions of] the familiar boilerplate" language that a discovery request is "vague, overly broad, unduly burdensome, and seeks information that is not relevant and not reasonably calculated to lead to the discovery of relevant evidence" are clearly inconsistent with the letter and the spirit of the Federal Rules of Civil Procedure. Roselawn, 172 F.R.D. at 306-07.

Second, Defendants' summary judgment motion is based solely upon spoliation. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." West v. Goodyear Tire

& Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999) (citing Black's Law Dictionary 1401 (6th ed. 1990)). A court may impose sanctions when a party spoliates evidence in violation of a court order, under Federal Rule of Civil Procedure 37(b), or under its "inherent power to control litigation" when a party spoliates evidence in the absence of or prior to the issuance of a court order. Goodyear Tire & Rubber Co., 167 F.3d at 779 (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43-45 (1991)); Telecom Int'l Am., Ltd. v. AT & T Corp., 189 F.R.D. 76, 81 (S.D.N.Y. 1999). Where the defendant shows that plaintiff is responsible for spoliation of evidence, the court must determine the degree of prejudice to the defendant caused by the spoliation before it fashions a remedy. Nationwide Mut. Fire Ins. Co. v. Ford Motor Co., 174 F.3d 801, 804 (6th Cir. 1999); Kronisch v. United States, 150 F.3d 112, 126 (2d Cir. 1998). "The test for prejudice is whether there is a reasonable possibility, based on concrete evidence, that access to the evidence which was destroyed or altered, and which was not otherwise attainable, would produce evidence favorable to the objecting party." Nationwide Mut. Fire Ins. Co., 174 F.3d at 804. The court's inquiry into prejudice in the spoliation context is "unavoidably imperfect, inasmuch as, in the absence of the destroyed evidence, [the court] can only venture guesses with varying degrees of confidence as to what that missing evidence may have revealed." Kronisch, 150 F.3d at 126.

Where the plaintiff argues that his injuries resulted from a design defect in a whole class of products, rather than a specific defect in the specific product that injured him, the court may find that the destruction of the product was only minimally prejudicial to the defense:

> This is not a case in which the plaintiff contends that the particular saw causing his injuries was defectively manufactured; there is no claim that the saw had a defect not shared by all saws of the same model. Rather, [plaintiff's] claim is that the design of saws of this model permitted particles to infiltrate the guard mechanism, thereby impairing its effectiveness and that those saws could have been designed with a seal

> that would have prevented the infiltration. Because this was [plaintiff's] theory, [defendant's] need for immediate access to the particular saw involved in the accident was greatly diminished. The ability to determine whether the design of its saw permits sufficient infiltration to impair the guard's effectiveness and whether a safer design is feasible are matters that can be determined as well or better by inspecting and testing multiple saws of the same design than by inspecting the particular saw involved in the accident.

Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79-80 (3d Cir. 1994) (reversing district court's grant of summary judgment as sanction for spoliation). See also Quaile v. Carol Cable Co., Inc., 1993 WL 53563 (E.D. Pa. 1993) (court refused summary judgment where plaintiff disposed of lamp, but where plaintiff's theory was that the lamp suffered from a design defect present in all of defendant's lamps); Lee v. Boyle-Midway Household Products, Inc., 792 F. Supp. 1001, 1005 (W.D. Pa. 1992) ("Under Pennsylvania law, in a case in which plaintiff does *not* allege a defect in all of the defendant's products, a defendant in a products liability case is entitled to summary judgment when loss or destruction of evidence deprives the defense of the most direct means of countering plaintiff's allegations.") (emphasis added).

If the court determines that the plaintiff has destroyed evidence *and* that the destruction was prejudicial to the defendant in some way, the court then has broad discretion in fashioning a remedy for the spoliation, considering the prophylactic, punitive, and remedial values of the proposed remedy. Goodyear Tire & Rubber Co., 167 F.3d at 779. "The sanction should be designed to: (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." Id. (quotation omitted). While dismissal is within the court's power, at least one court has found that it is a "drastic remedy" reserved for extreme cases where "there is a showing of willfulness, bad faith, or fault on

the part of the sanctioned party." Id. Other possible sanctions include instructions to the jury to infer facts favorable to the prejudiced party or exclusion of the spoliator's opinions regarding the destroyed evidence. Id. at 780; Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719-21 (3d Cir. 1997); Trull v. Volkswagen of Am., Inc., 187 F.3d 88, 95-96 (1st Cir. 1999); Dillon v. Nissan Motor Co., 986 F.2d 263, 267 (8th Cir. 1993). While the Sixth Circuit Court of Appeals holds that a court must find bad faith before excluding a spoliator's expert testimony, the Second Circuit Court of Appeals and others hold that an adverse inference jury instruction is appropriate even in the absence of bad faith or intentional misconduct in order to address the prejudice suffered by the defendant. Nationwide Mut. Fire Ins. Co., 174 F.3d at 804; Reilly v. Natwest Mkts. Group, 181 F.3d 253, 268 (2d Cir. 1999); Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 156 (4th Cir. 1995); Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993); Pressey v. Patterson, 898 F.2d 1018, 1023-24 (5th Cir. 1990).

**Discussion**

The court finds that, under the above guidelines, plaintiffs are entitled to Rule 56(f) relief in this case. Without a developed record on plaintiffs' theory of design defect, the court finds it premature to consider defendants' claims that they have been prejudiced by plaintiffs' spoliation and that no lesser sanction might fairly remedy that prejudice. Plaintiffs' theory is that the 1994 Montero was inherently unstable due to its track width, center of gravity, wheel base, and other aspects of its design. It is possible that such a theory might be proven entirely with documents now in the possession of defendants. In that case, the spoliation of plaintiffs' Montero might be minimally prejudicial to defendants. On the other hand, if plaintiffs were relying on the actual circumstances of their accident to produce an inference of design defect, the prejudice to defendants would be

stronger because they would be deprived of the opportunity to inspect the vehicle for evidence of improper use or maintenance. In either case, the court might conclude that a sanction short of summary judgment would adequately redress the prejudice suffered by the defendants. Until the court knows further what the evidence will show in this case, it simply cannot assess the prejudicial impact or determine the proper remedy.

Rule 56(f) relief is particularly compelling in this case because a variety of circumstances weigh in favor of lenience toward the plaintiffs. First, the spoliation occurred at the hands of a third party (plaintiffs' insurer), without the knowledge of plaintiffs and seemingly in direct violation of plaintiffs' instructions. Second, plaintiffs were prompt in seeking discovery of documents related to design defects, having requested the documents nearly two years ago. Third, defendants' objections to plaintiffs' discovery requests were nearly all "pat, generic, non-specific" recitations of boilerplate language, in disregard of the letter and the spirit of the Federal Rules of Civil Procedure. Fourth, plaintiffs promptly brought the discovery issue to the court's attention, moving to compel production and moving (with supporting affidavit) for relief under Rule 56(f) immediately after defendants filed their motion for summary judgment due to spoliation. Fifth, plaintiffs are attempting to mount a far-reaching attack on broad design issues related to defendants' sport utility vehicles and should not be cut short by demands for proof before the close of discovery.

Finally, the discovery sought by plaintiffs is in the control of defendants and is relevant under the liberal Federal Rules of Civil Procedure. It appears that many of defendants' objections have been recently resolved by the parties, but the court addresses two outstanding requests and their accompanying objections here. Plaintiffs seek evidence of prior incidents and lawsuits involving single-vehicle rollovers and defendants argue that such evidence is relevant only if limited to

instances in which a person was ejected from the vehicle. All incidents of single-vehicle rollovers are relevant to plaintiffs' theory that defendants' vehicles had an unsafe rollover propensity. It makes no difference, from the causation perspective, whether a person was ultimately ejected from the vehicle. In addition, plaintiffs request testing and design documents on all preliminary designs of the 1994 Montero, and defendants seek to limit their responses to documents pertaining to the actual models sold in the United States. The design and testing of prototypes to the 1994 Montero are relevant to plaintiffs' defect theory, and it makes no difference where such prototypes were designed or tested.

For the foregoing reasons, the court believes that it is premature to consider defendants' motion for summary judgment. Accordingly, plaintiffs' motion pursuant to Rule 56(f) to compel discovery prior to responding to defendants' motion for summary judgment is GRANTED and ruling on defendants' motion for summary judgment is held in abeyance pending the close of discovery. Plaintiffs' motion to overrule objections and compel answers of defendants to plaintiffs' first set of interrogatories and first request for production of documents and tangible items (#24) is DENIED AS MOOT. The parties are encouraged to resolve any remaining discovery disputes consistently with this opinion and with the liberal scope of relevancy under the Federal Rules of Civil Procedure, particularly with respect to cases alleging design defects.

ENTER:

*Nan R. Nolan*
**Nan R. Nolan**
**United States Magistrate Judge**

Dated: 8/15/2000